ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **CAROLINA ASSOCIATES LIMITED PARTNERSHIP, S.E.** H/N/C **TORRE DE LAS CUMBRES APTS.** ADMINISTRADO POR **PARTNERS BUSINESS SERVICES, LLC** DEMANDANTE(S)-APELADA(S) V. **JULIANA MARÍA ISABEL MENCHACA** DEMANDADA(S)-APELANTE(S) | **KLAN202400949** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** Caso Núm. **SJ2024CV03963 (807)** Sobre: Desahucio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 25 de noviembre de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **JULIANA MARÍA ISABEL MENCHACA** (señora **MENCHACA**) mediante *Escrito de Apelación* incoado el 21 de octubre de 2024. En su escrito, nos solicita que revisemos la *Sentencia* emitida el 24 de julio de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] En dicha decisión, se declaró con lugar la *Demanda* y, entre otras cosas, se ordenó el desalojo de la propiedad sita en el Condominio Torres de las Cumbres, Calle Santa Rosa Apt. 208, en San Juan, Puerto Rico.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Este dictamen judicial fue notificado y archivado en autos el 24 de julio de 2024. Apéndice del *Escrito de Apelación*, págs. 40- 48.

Número Identificador:  SEN2024_____

## - I -

El 1 de mayo de 2024, **CAROLINA ASSOCIATES LIMITED PARTNERSHIP, S.E. H/N/C TORRE DE LAS CUMBRES APTS.** ADMINISTRADO POR **PARTNERS BUSINESS SERVICES, LLC** (**PARTNERS BUSINESS**) interpuso una *Demanda* sobre desahucio por incumplimiento de contrato (sumario) y cobro de dinero por falta de pago.[2] El 2 de mayo de 2024, se expidió *Emplazamiento y Citación por Desahucio* pautando audiencia mediante videoconferencia para el 16 de mayo de 2024.[3]

Posteriormente, el 15 de mayo de 2024, **PARTNERS BUSINESS** presentó dos (2) escritos intitulados *Moción Anejando Citación Diligenciada* y *Moción Anejando Prueba Documental para Vista*.[4] Al día siguiente, el 16 de mayo de 2024, la señora **MENCHACA** presentó *Moción Asumiendo Representación Legal* solicitando se autorizara su petitorio sobre asumir representación legal y explicando la razón de su incomparecencia a la audiencia.[5] Ese mismo día, mediante *Orden* se autorizó la representación legal y pautó audiencia para el 23 de mayo de 2024, mediante videoconferencia.[6] Se apercibió, además, que de no recibir en enlace de la audiencia debería comunicarse al tribunal.

El 22 de mayo de 2024, la señora **MENCHACA** presentó *Moción sobre Alegaciones Responsivas a Demanda* solicitando, entre otras cosas, se le reconociera un crédito por pagos en exceso realizados a la deuda de los cánones de los meses de junio, julio y agosto.[7] Al otro día, el 23 de mayo de 2024, luego de desfilada y escuchada la prueba, se decretó *Orden* convirtiendo el caso a un procedimiento de carácter ordinario.[8]

---

[2] Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[3] Entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[4] Entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). El 14 de mayo de 2024, la señora **MENCHACA** fue debidamente emplazada.

[5] Entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[6] Entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[7] Apéndice del *Escrito de Apelación*, págs. 14- 19.

[8] Apéndice del *Escrito de Apelación,* págs. 20- 21. Entrada núm. 11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Unos días después, el 4 de junio de 2024, **PARTNERS BUSINESS** presentó *Moción en Solicitud de Sentencia Sumaria Parcial*.[9] Más tarde, el 27 de junio de 2024, se dictó *Orden RPC 36.3* concediendo término de veinte (20) días para suplementar la solicitud de sentencia sumaria especificando cada uno de los hechos incontrovertidos haciendo referencia a página o párrafos de declaración jurada u otra prueba admisible.[10] Por consiguiente, el 2 de julio de 2024, **PARTNERS BUSINESS** presentó *Moción en Cumplimiento de Orden Suplementando Moción en Solicitud de Sentencia Sumaria.*[11] Ese día, la señora **MENCHACA** presentó su *Moción en Oposición a Sentencia Sumaria*.[12] El pasado 3 de julio, se dictaminó *Orden* exponiendo que la señora **MENCHACA** tenía hasta el 22 de julio de 2024 para oponerse a la solicitud de sentencia sumaria.[13] Así las cosas, el 22 de julio de 2024, la señora **MENCHACA** presentó una *Moción en Oposición a Con[c]esión de Remedio Mediante Sentencia Sumaria*.[14] Luego, el 24 de julio de 2024, se dispuso la *Sentencia* apelada.

En desacuerdo, el 8 de agosto de 2024, la señora **MENCHACA** presentó *Moción Solicitando Reconsideración*.[15] El 18 de septiembre de 2024, habiendo concedido término para replicar y presentado *Moción en Oposición a Moción de Reconsideración en Cumplimiento de Orden*, se determinó no ha lugar a la petición de reconsideración.[16]

Insatisfecha ante dicha decisión, el 21 de octubre de 2024, la señora **MENCHACA** acudió ante este foro intermedio revisor mediante su *Escrito de Apelación* señalando el(los) siguiente(s) error(es):

---

[9] *Íd.*, págs. 22- 30. El Apéndice no incluyó los anejos.

[10] Entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[11] Entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[12] Entrada núm. 17 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[13] Entrada núm. 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[14] Apéndice del *Escrito de Apelación,* págs. 31- 39.

[15] Entrada núm. 23 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[16] Entradas núm. 25 y 26 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Erró el Honorable Tribunal de Instancia al emitir determinaciones de hecho que se separan por completo de la prueba presentada y estipulada.

Erró el Honorable Tribunal de Instancia al emitir Sentencia por la vía sumaria en contraven[c]ión con el derecho aplicable y de sus propios actos.

Erró el Honorable Tribunal de Instancia al no garantizar el derecho constitucional al debido proceso de ley de la parte apelante al no celebrar vista en su fondo por la vía ordinaria ni abrir el proceso de descubrimiento de prueba.

El 24 de octubre de 2024, pronunciamos *Resolución* en la cual, entre otras cosas, se concedió un plazo perentorio de treinta (30) días a **PARTNERS BUSINESS** para presentar su alegato en oposición. El 29 de octubre de 2024, **PARTNERS BUSINESS** presentó *Comparecencia Especial y en Solicitud de Desestimación* arguyendo que la señora **MENCHACA** incumplió con el período de setenta y dos (72) horas para la notificación del recurso al Tribunal de Primera Instancia. Ante ello, el 31 de octubre de 2024, prescribimos *Resolución* dando un tiempo de diez (10) días para exponer posición sobre la solicitud de desestimación. El 5 de noviembre de 2024, la señora **MENCHACA** presentó su *Moción Informativa sobre Notificación de Apelación* acompañada de *Notificación* emitida el 29 de octubre de 2024.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Presentamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II –

- A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos, así como controversias ante su consideración.[17] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[18]

---

[17] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385- 386 (2020).
[18] *Allied Mgmt. Group v. Oriental Bank, supra.*

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. En definitiva, por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[19]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: (1) priva a un foro judicial del poder necesario para adjudicar una controversia; (2) los tribunales no poseen discreción para asumirla cuando no la tienen; (3) no es susceptible de ser subsanada; (4) las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (5) conlleva la nulidad de los dictámenes emitidos; (6) se impone a los tribunales el ineludible deber de auscultar su propia jurisdicción —y a los tribunales apelativos la obligación de examinar la jurisdicción del foro de donde procede el recurso—; (7) las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y (8) su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[20]

### - B - *Perfeccionamiento de un Recurso*

Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación, *certiorari* o revisión judicial están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes deben observar rigurosamente las

---

[19] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499- 501 (2019).
[20] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387.

disposiciones reglamentarias sobre el perfeccionamiento de sus recursos.[21]

No puede quedar al arbitrio de los abogados o las partes decidir qué disposiciones reglamentarias deben acatarse y cuándo lo van a hacer.[22] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[23]

En consecuencia, la Regla 13, inciso (B), del Reglamento del Tribunal de Apelaciones, expresa:

> (B) Notificación a las partes
>
> (1) Cuando se hará
> **La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento**. La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos [...] (Énfasis nuestro).

Más aún, la Regla 14 de nuestro Reglamento dispone:

> (A) La apelación se formalizará presentando el original del escrito de apelación y tres copias en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada.
> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante **deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto**. [...] (Énfasis nuestro).

En ese mismo sentido, cabe destacar que los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley.[24] Jurisprudencialmente se ha resaltado la importancia de una notificación adecuada, pues se persigue salvaguardar los derechos de las partes en procedimientos judiciales posteriores.[25]

---

[21] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).
[22] *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197 (2017).
[23] *Íd.*
[24] *Rivera Marcucci, et al. v. Suiza Dairy*, 196 DPR 157 (2016).
[25] *Vélez v. A.A.A.*, 164 DPR 772 (2005).

Ahora bien, el término de notificación es un término de cumplimiento estricto y no jurisdiccional, su incumplimiento no supone automáticamente la desestimación del recurso.[26] No obstante, el foro apelativo intermedio no posee discreción para prorrogar un plazo de forma automática.[27] Para ello, es necesario que la parte haya demostrado y acreditado justa causa. Lo anterior implica que, en cuanto al requisito de notificación lo importante es que el escrito sea notificado con copia a la otra parte o al tribunal, dentro del plazo dispuesto por ley, independientemente el método que se utilice para ello.[28] De tal manera que, para el perfeccionamiento adecuado de un recurso presentado ante el tribunal apelativo intermedio es necesario la presentación oportuna y la notificación del escrito a las partes apeladas y el tribunal de primera instancia.[29] La inobservancia de una notificación oportuna a todas las partes y el foro apelado, tiene como consecuencia la desestimación del recurso de apelación.[30]

- III -

En el caso de autos, el 21 de octubre de 2024, la señora MENCHACA recurrió ante este tribunal revisor de la *Sentencia* dictaminada el 24 de julio de 2024, la cual fue debidamente notificada a las partes. Planteó que el foro de instancia incidió al emitir determinaciones de hecho que se separan por completo de la prueba presentada y estipulada; al decretar Sentencia por la vía sumaria en contravención con el derecho aplicable y de sus propios actos; y al no garantizar el derecho constitucional al debido proceso de ley de la parte apelante al no celebrar vista en su fondo por la vía ordinaria ni abrir el proceso de descubrimiento de prueba.

De otro lado, el 29 de octubre de 2024, PARTNERS BUSINESS replicó que el 21 de octubre de 2024, a las 9:06 de la noche, se le notificó el recurso vía

---

[26] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 550 (2017).
[27] *Soto Pino v. Uno Radio Group, supra.*
[28] *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98 (2013).
[29] *González Pagán et al. v. SLG Moret – Brunet*, 202 DPR 1062, 1063 (2019); *Montañez Leduc v. Robinson Santana, supra.*
[30] *Montañez Leduc v. Robinson Santana, supra*, págs. 549– 553.

correo electrónico; y el 25 de octubre de 2024, se presentó *Moción Notificando Apelación* ante el Tribunal de Primera Instancia. Argumentó que el término de setenta y dos (72) horas para la notificación al Tribunal de Primera Instancia había vencido el 24 de octubre de 2024.

Lo cierto es que, al justipreciar la totalidad del expediente, así como examinada varias entradas del Sistema Unificado de Manejo y Administración de Casos (SUMAC), ciertamente se desprende que, la cubierta o primera página del *Escrito de Apelación*, debidamente sellada con la fecha y hora de presentación, **no** fue notificada dentro del término de cumplimiento estricto, de setenta y dos (72) horas, ante la secretaria del Tribunal de Primera Instancia en conformidad con nuestro Reglamento. Como cuestión de hecho, resulta forzoso colegir que el tribunal primario debió ser notificado oportunamente **en o antes del 24 de octubre de 2024** del *Escrito de Apelación* que nos ocupa. La señora MENCHACA no acreditó justa causa alguna para su presentación fuera del vencimiento. Ante la falta de notificación ***al foro de instancia*** dentro del tiempo dispuesto, no se ha perfeccionado el *Escrito de Apelación*, lo cual nos priva de *jurisdicción* para atender el mismo y como consecuencia procede la desestimación del recurso de *Apelación*.

- **IV** -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos*** por falta de *jurisdicción* el *Escrito de Apelación* instado el 21 de octubre de 2024 por la señora MENCHACA; y ordenamos el cierre y archivo del presente caso.[31]

---

[31] 4 LPRA Ap. XXII-B. La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón disiente con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones